Taet, J.,
concurring in part. I cannot be as positive in condemning the film involved in the instant ease as the majority opinion is. However, in my opinion, reasonable minds could determine beyond a reasonable doubt that this film is, to use the words of the statute, “obscene, lewd, or lascivious.”
I agree, therefore, with the judgment so far as it relates to the second count of the indictment charging defendant with exhibiting that film.
I also agree with the majority opinion that the word “knowingly” in the statute relates not merely to possession and control of the film but also to what is in the film.
However, I cannot agree with the judgment of this court, to the extent that it affirms the conviction of defendant on the first count charging defendant merely with knowingly possessing and having control of the film.
It is my opinion, as it was the opinion of Judges Bell, Peck, Herbert and myself in State v. Mapp (1960), 170 Ohio St., 427, 433, 166 N. E. (2d), 387, that the portion of the statute upon which the first count is based is constitutionally invalid. As stated in the opinion in that case:
“If anyone looks at a book and finds it lewd, he is forthwith, under this legislation, guilty of a serious crime * * *. As a result, some who might otherwise read books that are not *30 obscene may well be discouraged from doing so and their free circulation and use will be impeded.”
Likewise, under this statute, if anyone looks at a movie film that he has lawfully acquired to determine whether he should exhibit it and finds it to be obscene, he is forthwith and at that instant guilty of a serious crime. As a result, some who might otherwise look at movie films that are not obscene to determine whether they should exhibit those films may well be discouraged from doing so and free circulation and exhibition of movie films will be impeded.
If Section 2905.34, Revised Code, providing that “no person shall knowingly * * have in his possession or under his control an obscene, lewd, or lascivious * * * motion picture film” were reasonably susceptible of. interpretation as a prohibition of possession or control of such a film only where such possession or control was for the circulation or exhibition thereof, I could also concur in the judgment so far as it affirms the conviction on the first count. Apart from some consideration of the legislative history of this statute, this court might be justified in proclaiming that there was a legislative intént that the “possession * * * or control,” in order to be a crime, must be, to use the words of the majority opinion, “for the purpose of circulation or exhibition.” But compare State v. Warth, 173 Ohio St., 15. As the majority opinion states, this matter is clearly within the power of the state to control under the police power.
It may be observed that it is probable that such a judicial proclamation of legislative intent would be helpful, if not conclusive, in avoiding a review by the United States Supreme Court of the constitutional validity of this, portion of our statute.
However, the General Assembly has quite clearly indicated that it had no such intention. Thus, prior to 1939, the foregoing statute (then Section 13035, General Code) read so far as pertinent:
“Whoever sells, lends, gives away [i. e., circulates], exhibits * * * or has in his possession for such purpose, an obscene [etc.].” (Emphasis added.)
In that year, the General Assembly amended that statute by taking out the words “for such purpose” appearing after *31 the word “possession,” and added, after the latter word, the words “or has under his control.” 118 Ohio Laws, 420.
The General Assembly thus quite clearly expressed a legislative intention not to modify the words “has in his possession or under his control” as the majority opinion and the decision in the instant case are modifying those words.